DOCKET BOOK REPORT

CASE # 22836                          COURT: DISTRICT COURT                          04/10/2013
CAUSE: ALL OTHER CIVIL CASES
STYLE: DALE LASNESKI                  VS DOLGENCORP OF TEXAS,
                                         DOLGENCORP, INC.,
                                         DBA DOLLAR GENERAL STORE

                                    PLAINTIFF

NAME _____              ATTORNEY _____

LASNESKI,DALE                    P                BAIL,ASHOK
                                                  3120 SOUTHWEST FREEWAY,
                                                  SUITE 450
                                                  HOUSTON, TEXAS 77098
  -    -                                          832-216-6693

                                    DEFENDANT

NAME _____              ATTORNEY _____

DOLGENCORP OF TEXAS,             D                HENSLEY,MELISSA M.
DBA DOLLAS GENERAL STORE                          1717 MAIN STREET SUITE 3200
                                                  DALLAS, TEXAS 75201-7347
  -    -                                          214-466-4000

DOLGENCORP,INC.,                 D
DBA DOLLAR GENERAL STORE


TRANSACTIONS FOR ALL PARTIES                      REPORT FOR ALL DATES

03/15/2013            L/PLAINTIFF'S ORIGINAL PETITION                    423.00-
LASNESKI,DALE
03/15/2013                                                              423.00
LASNESKI,DALE
03/15/2013            CITATION CMRR ISSUED
                      (DOLGENCORP OF INC REG AGENT CT CORP SYSTEM)/DH
03/15/2013            CITATION CMRR ISSUED
                      (DOLGENCORP OF TEXAS REG AGENT CORP SRV CO)/DH
03/25/2013            CITATION CMRR RETURNED (DOLGENCORP OF INC
                      SERVED AND SIGNED BY ROBERT PINA 3/18/13/)/DH
03/25/2013            CITATION CMRR RETURNED (DOLGENCORP OF TEXAS SERVED
                      AND SIGNED S A VERTREES 3/19/13)/DH
04/05/2013            L/DEFENDANT DOLGENCORP OF TEXAS INC.'S ORIGINAL
                      ANSWER/RC
04/08/2013            LETTER FROM CT CORPORATION/DH
04/10/2013            LETTER FROM SABRINA A. WILKS FROM THE LAW FIRM
                      MORGAN, LEWIS & BOCKIUS LLP/RC
04/10/2013            C/C OF DOCKET SHEETS TO SABRINA WILKS/RC

The State of Texas
County of Tyler
   I, Kim Nagypal, District Clerk in and for Tyler County,
Texas, do hereby certify that the foregoing is a true and correct
copy of the original as same appears in my office.
   Given under my hand and official seal at office in
Woodville, Texas this 10th day of April, 2013.
            (I.S.)
                         Kim Nagypal, District Clerk
                         Tyler County, Texas
                         By Renee Greene
                            Deputy

EXHIBIT B

# CIVIL DOCKET

CASE NO. 22,836

CAPITAL GRAPHICS-Hutto, Texas

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION AND PARTY DEMANDING JURY | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| 22,836 | DALE LASNESKI | ASHOK BAIL | OTHER CIVIL (SOIL) | 03 | 15 | 2013 |
| | | PLTF. | | JURY FEE, $ | | |
| | VS | | | PAID BY | | |
| **FEE BOOK** | | | | JURY NO. | | |
| VOL. \| PAGE | DOLGENCORP OF TEXAS DOLGENCORP, INC. DBA DOLLAR GENERAL STORE | ← Melissa M. Hensley DEFT. | | | | |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | VOL. | PAGE | |

The State of Texas
County of Tyler
    I, Kim Nagypal, District Clerk in and for Tyler County,
Texas, do hereby certify that the foregoing is a true and correct
copy of the original as same appears in my office.
    Given under my hand and official seal at office in
Woodville, Texas this 10th day of April, 20 13.
    (I.S.)                    Kim Nagypal

                        Kim Nagypal, District Clerk
                        Tyler County, Texas
                        By Renie Crews
                              Deputy

JoAnn Lampe

| | |
|---|---|
| **From:** | sop@cscinfo.com |
| **Sent:** | Wednesday, March 20, 2013 4:40 PM |
| **To:** | JoAnn Lampe |
| **Subject:** | Notice of Service of Process |

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click <u>here</u> to receive and view your Service of Process documents now.*
*For more information on instant access to your SOP, click <u>Sign Me Up</u>.*

## NOTICE OF SERVICE OF PROCESS

Transmittal Number: 10969918
Date: 03/20/2013

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | Dolgencorp of Texas, Inc. |
| **Entity I.D. Number:** | 2172518 |
| **Entity Served:** | Dolgencorp of Texas (hereafter Dollar General) |
| **Title of Action:** | Dale Lasneski vs. Dolgencorp of Texas |
| **Document(s) type:** | Citation/Petition |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Tyler County District Court, Texas |
| **Case/Reference No:** | 22,836 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/19/2013 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |

**Sender Information:**
Ashok Bail
713-255-1088

**Primary Contact:**
Jeanene  Spillman
Dollar General Corporation

**Copy of transmittal only provided to:**
JoAnn Lampe
Tracy Loftis
Stephanie Frank

1

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

**2711 Centerville Road   Wilmington, DE 19808**
**(888) 690-2882   |**

SERVICE COPY

**CLERK OF THE COURT**
KIM NAGYPAL, DISTRICT CLERK
100 WEST BLUFF, ROOM 203
WOODVILLE, TEXAS 75979

**ATTORNEY FOR PLAINTIFF OR PLAINTIFF**
ASHOK BAIL.
3120 SOUTHWEST, FREEWAY, SUITE 450
HOUSTON, TEXAS 77098

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To:   DOLGENCORP OF TEXAS (HEREAFTER DOLLAR GENERAL)
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO
      211 E. 7TH STREET, SUITE 620
      AUSTIN, TEXAS 78701

Greeting:
      You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M., of the Monday next after the expiration of twenty days, after the date of service of this citation, before the Honorable District Court of Tyler County, Texas, at the Courthouse of said County in Woodville, Texas.

      Said Plaintiff's Petition was filed in said court on the **15TH day of MARCH, A.D. 2013**, in this case, numbered **22,836** on the docket of said court, and styled:

**DALE LASNESKI, Plaintiff**
vs.

**DOLGENCORP OF TEXAS, DOLGENCORP, INC. D/B/A DOLLAR GENERAL STORE, Defendant**

      The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

      The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

      Issued and given under my hand and seal of said Court at Woodville, Tyler County, Texas, this the **15TH day of MARCH, A.D. 2013.**

Attest:  **Kim Nagypal**, Clerk                    By _Debbie Hughes_                    ,Deputy
         **District Court**                                    Debbie Hughes
         **Tyler County Texas**

---

**ATTACH RETURN RECEIPTS**
**WITH**
**ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2) the citation shall be served by mailing to the defendant by Certified Mail Return Receipt Requested, a true copy of the Citation.

Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_Debbie Hughes_                    , Deputy
Debbie Hughes
100 West Bluff, Room 203 Court House
Woodville, Texas 75979

*If not applicable so state N.A.

**CERTIFICATE OF DELIVERY**
**BY MAIL**

I hereby certify that on the15th Day of March, 2013, at 4:00 P.M., I mailed to Dolgencorp of Texas Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Tx. 78701 Defendant by registered mail or certified mail, return Receipt requested, a true copy of this Citation with a Copy of the Plaintiff's Original Petition attached thereto.

**Kim Nagypal, District Clerk**

**CMRR #7002 2410 0000 6240 6523**

FILED FOR RECORD

2013 MAR 15  AM 10: 56

KIM N. SYP...
D[STR]CT CLE[R]K
T[Y]LER COUNTY, [TEXAS]
BY:

COPY

No 22,836

| | | |
|---|---|---|
| Dale Lasneski, | * | IN THE DISTRICT COURT |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | |
| Dolgencorp of Texas, | * | OF TYLER COUNTY, TEXAS |
| Dolgencorp, Inc., | * | |
| d/b/a Dollar General Store, | * | |
| | * | |
| Defendant. | * | _____ JUDICIAL DISTRICT |
| | * | |

### PLAINTIFF'S ORIGINAL PETITION

**NOW COMES**, Plaintiff Dale Lasneski, in the above numbered and entitled case, complains of Dolgencorp of Texas and Dolgencorp, Inc., d/b/a Dollar General Store, Defendants in the above numbered and entitled case, and for cause(s) of action would respectfully show unto the Court and jury as follows:

### A. DISCOVERY PLAN

1. Discovery is intended to be conducted under Level II of the Texas Rules of Civil Procedure 190.

### B. PARTIES

2. Plaintiff, Dale Lasneski (hereafter "Lasneski"), is a citizen of the United States who currently resides in Pineland, Sabine County, Texas.

3. Defendant, Dolgencorp of Texas (hereafter "Dollar General"), is a corporation organized and existing under the laws of the state of Kentucky and doing business in the State of Texas for the purposes of accounting a monetary profit, and may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a

1

CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Plaintiff hereby requests that citation be issued on this Defendant.

4. Defendant, Dolgencorp of Inc. (hereafter "Dollar General"), is a corporation organized and existing under the laws of the state of Kentucky and doing business in the State of Texas for the purposes of accounting a monetary profit, and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201. Plaintiff hereby requests that citation be issued on this Defendant.

## C. JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to the Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq.*, Sec. 21.055 (Retaliation), Sec. 21.106 (Sex Discrimination), Sec, 21.101 (Age Discrimination), Sec. 21.122, Sec. 21.125 and Sec. 21.128. This action also arises under The Fair Labor Standards Act. (FLSA), 29 U.S.C. § 201 *et seq.* Venue in Tyler County is proper under TEX. CIV. PRAC. & REM. CODE Section 15.002 because all or a substantial part of the events or omissions giving rise to the claims occurred in Tyler County.

## D. FACTS

5. On or about February 5, 2010, Lasneski began his employment with Dollar General as a Manager-Trainee at a Dollar General Store in Jasper, Texas.

6. During the time period Lasneski worked in Jasper, Lasneski's supervisor was Kristy Bandzak (Manager of the Jasper Dollar General Store). Ms. Bandzak treated male employees, including Lasneski, differently than their female co-workers.

2

7.  During the first week of training in February 2010, Ms. Bandzak made sexual advances towards Lasneski. Lasneski noticed that the more personal Ms. Bandzak's questions were the narrower the distance between her and Lasneski became. Ms. Bandzak would intentionally move closer to Lasneski which caused Lasneski to become very uncomfortable and he told her to "back off."

8.  Almost every day, there was always sexual content going on in the store. Ms. Bandzak would e-mail other employees dirty jokes and vulgar pictures. Ms. Bandzak would send obscene pictures to phones of employees.

9.  On or about February 2010, Lasneski reported Ms. Bandzak's sexually harassing behavior to Precious Willis the District Manager. However, Ms. Willis did not take any action against Ms. Bandzak. It was common knowledge that Ms. Willis and Ms. Bandzak were very close and Ms. Bandzak was known as "Precious' Pet." Dollar General failed to investigate Lasneski's complaint of sexual harassment.

10. Ms. Bandzak did nothing to help Lasneski. Lasneski was a Manager-Trainee and it was Ms. Bandzak's responsibility to train Lasneski. Instead, Ms. Bandzak tried to sabotage Lasneski by purposely not training or teaching him.

11. It was Ms. Bandzak's duty as a training manager to make sure that training was carried out until Lasneski was ready to manage his own store. Because Lasneski was a manager trainee, he had priority over a fill-in cashier, but Ms. Bandzak started training a female fill-in cashier the things she should have been training Lasneski. Ms. Bandzak made Lasneski stay at the registers and cashier while she taught her female staff to do the things a manager should have been taught.

12.   The only male employees working at the Jasper store, during the relevant time period, were Lasneski and Jacob Dunn. Ms. Bandzak was very condescending and mean to both Lasneski and Mr. Dunn. Ms. Bandzak made comments and implied that men were slower than women. Ms. Bandzak generally treated Lasneski like a dog.

13.   During Lasneski's second week of training, Ms. Bandzak put Lasneski on the second shift with Mr. Dunn, a cashier.  Mr. Dunn had to handle customers.  Lasneski was required to do tasks that were below his managerial level such as recovery, shelf cleaning, stocking, unloading and putting up trucks. Lasneski did this with little help because it was a busy store and Mr. Dunn had to handle customers.  If Mr. Dunn could help at all, it was very little.

14.   The application of spreading the labor out was unfair between the females and the male employees.  Ms. Bandzak would use four women and herself to put up half of the truck. Lasneski had to put up half of the truck by himself.  Mr. Dunn would help if he could in between customers.  Ms. Bandzak divided the work in an unfair and uneven way while threatening Lasneski with write-ups in a hostile manner if the work didn't get done. Ms. Bandzak isolated Lasneski to the second shift, which she was never on. As such, it was impossible for Ms. Bandzak to train Lasneski throughout the time Lasneski worked at the Jasper store because she did not work the same shift as Lasneski.

15.   Although Ms. Bandzak intentionally failed to train Lasneski, a manager trainee, she instead trained a female fill-in cashier and a female third key manager. When Lasneski started, he was placed briefly on the first shift for about a week.  Lasneski was quickly moved to the second shift to close the store, and as a result did not receive enough

training to run a store.   During first week, Lasneski was getting familiar with the registers, cleaning and stocking shelves.   However, there was much more that was not taught to him including but not limited to stock counts, everything pertaining to Super Tuesday, setting end caps and ads, setting and following Plan-o-grams. After he was put on the night shift, Lasneski received no further training.   This would cause Lasneski to fail as a manager once he was promoted.   Lasneski's co-workers tried to train Lasneski on things that were not taught to him.  However, Ms. Bandzak jumped all over Lasneski's co-worker Robin Reynolds for helping him and told her that she was the training manager and to stop training Lasneski.

16.   Ms. Bandzak also made fun of Lasneski's co-worker Charlotte A. Rowell's age by calling her, "granny", and she made fun of Ms. Rowell's hair, when she wore it in a bun, because she thought a bun was old-fashioned.  Ms. Bandzak talked about Lasneski's white hair, and called him "old and slow."  Ms. Bandzak asked Ms. Rowell if she took Geritol.  Ms. Bandzak tried to make Ms. Rowell look like she was old and forgetful.

17.   On or about May 2010, Lasneski had to attend a training class in Houston.  Ms. Bandzak warned Lasneski that he had better not tell anyone in Houston that he wasn't being trained.  Ms. Bandzak threatened that she had the power to get rid of Lasneski "right now."

18.   Precious Willis, did not equally apply Dollar General's policies to both male and female employees.  After Lasneski's second week of training, when Ms. Bandzak refused to train Lasneski any further, Ms. Willis began ignoring Lasneski when she visited the Jasper store.  Lasneski felt extreme animosity emanating from Ms. Willis towards him.  Ms.

Willis never came to see Lasneski or talk to him to see how training was going.  Ms. Willis ignored Lasneski except for the day he was promoted.

19.   On or about June 2010, Ms. Bandzak told Lasneski that Ms. Willis wanted to promote him to the Woodville store.  Ms. Bandzak further stated with a scowl on her face, "Do I think you're ready?  Maybe...Maybe NOT!"  When Ms. Bandzak said "Maybe NOT", she lifted her hand up near her face and rocked it back and forth indicating an emphasis on "Maybe NOT".  Ms. Bandzak told the crew at the Jasper store, soon after Dale took the Woodville store manager position, "I don't think he's gonna make it."

20.   On or about July 10, 2010, Ms. Willis promoted Lasneski to Woodville Store Manager while stating that the store was a "near model" store.  Lasneski was promoted simply to fill a void on the store management staff until such time that Heather Beck (Woodville Assistant Manager) could pass the manager's test.  Once Lasneski was at the Woodville store, it wasn't long before Ms. Willis started ignoring Lasneski once again and went directly to Heather Beck, as if Heather was in charge.  When Wanda Fontenot was acting District Manager, she treated Lasneski in much the same way by calling the store and asking to speak to Ms. Beck.

21.   When Lasneski was in his store, Ms. Willis would come to his store and ask why required daily tasks weren't being done (Everything pertaining to Super Tuesday, stock counts, Plan-o-grams, etc.)  Lasneski also didn't know where to find this information on Dollar General's computer system because he had never been shown how to do so.

22.   Ms. Reynolds was promoted to the Kirbyville store at the same time that Lasneski was promoted to the Woodville store.  Ms. Reynolds received calls from Lasneski after Ms.

6

Willis started pressuring Lasneski as to why these things weren't being done even though Ms. Willis knew that Ms. Bandzak wasn't training Lasneski due to Ms. Willis' close relationship with Ms. Bandzak. Ms. Willis and Ms. Bandzak were working together to make Lasneski fail or quit.

23.     Even after Lasneski was moved to the Woodville store, Ms. Bandzak would talk on her cell phone frequently, during store hours, with her friend Heather Beck at the Woodville store. Ms. Bandzak and Ms. Beck talked about everything that Lasneski would allegedly do wrong at the Woodville store.  When a customer would interrupt Ms. Bandzak with a question, while she was on the phone, she would yell into the phone, "I'll have to call you back!"

24.     Ms. Willis treated female managers more favorably than Lasneski. For example, Ms. Willis denied Lasneski's request for help and more labor hours even though Lasneski's store was grossly understaffed.  Although Lasneski's store was an extremely large store to prepare for an audit, Ms. Willis told him that the four extra hours she had already given him was all that he was going to receive.  However on or about September 2010, Ms. Willis turned around and granted a similar request to a female manager at the Warren, Texas, store just a few weeks later by giving her at least sixteen additional hours to prepare for an audit.  Then, Ms. Willis forced Lasneski to send Ms. Beck from his store for two days to help prepare the Warren store audit in spite of Lasneski's store being understaffed.

25.     Another example of Ms. Willis treating females more favorably than Lasneski was Ms. Willis' decision, on or about September 2010, to force Lasneski to change his posted

7

weekly schedule to benefit Ms. Beck which forced Lasneski to give up his only day off in two weeks to do it.  Lasneski's Sunday was given up for Ms. Beck to go to Warren. Lasneski's alternative day off was Friday, which was given up to Ms. Beck because Ms. Willis was furious and demanded Ms. Beck get the days off she requested. Additionally, Ron Mathis, the former Woodville Store Manager, was denied his request for vacation by Ms. Willis.  Ms. Willis told Lasneski, "no," when he asked for the day off on his anniversary.  Lasneski is not aware of any female being denied requests for vacations or other requested days off. Ms. Willis went out of her way to give females their requested days off and covered for their vacations.

26.     Ms. Willis was in charge of scheduling an outside contractor to do professional floor cleaning and waxing in the stores.  This service not only made the stores look good, but it cut down on maintenance, as the floors needed less mopping.  Ms. Bandzak's store got the floor waxing on a regular basis.  However, Ms. Willis cancelled the scheduled cleaning and waxing for Lasneski's store. Ms. Willis also denied Lasneski's request to have it done.  As a result, Lasneski had to wash the floor in his store at least once a week, while Ms. Bandzak only had to spot mop occasionally.

27.     When Lasneski was hired, Ms. Willis and Lasneski agreed to a compensation package that included eligibility for a quarterly bonus.  When bonus time came, Ms. Willis invited all the females in the district to a meeting but Lasneski was excluded.  Ms. Bandzak told Lasneski that he was not invited because he didn't qualify for it.  Lasneski was a store manager for six months and would have qualified for at least one bonus during that time

period but was intentionally excluded while all the female managers received their bonuses.

28.  Lasneski's 3rd Key Manager transferred to a store in Dallas, and when he recommended a new hire to replace her, Ms. Willis went on vacation for two weeks and failed to process the paperwork for the new hire, delaying training for an employee Lasneski desperately needed in a grossly understaffed store for nearly three weeks.  This forced Lasneski to work extremely long hours.  Ms. Willis was aware of this because Ms. Bandzak was spying on Lasneski's store daily.  Ms. Bandzak and Ms. Beck were on the phone all the time plotting and examining everything Lasneski did in his store in the hopes that they could find problems to report back to Ms. Willis.  Ms. Willis, Ms. Bandzak, and Ms. Beck conspired together to sabotage Lasneski's store.

29.  When Lasneski was promoted to Woodville Store Manager, he thought getting out from under Ms. Bandzak's oppressive rule would help, but it only got worse.  The Woodville Assistant Store Manager, Ms. Beck reported to Ms. Bandzak, and Ms. Bandzak reported to Ms. Willis every day about anything that could possibly be wrong with Lasneski's store.  Ms. Bandzak spent a lot of time in Lasneski's store, neglecting the Jasper store with the focus on increased surveillance on the Woodville and Kirbyville stores.  With all the hours that Ms. Bandzak was away from her store, it was odd how Ms. Willis didn't seem concerned about Ms. Bandzak's neglect of her own store.

30.  Other discriminatory acts of Ms. Willis include but are not limited to giving Lasneski short notice or no notice at all as to when his store was going to be inspected; Lasneski being forced to work even if he was clocked out for lunch; and Lasneski being denied

hours to give to hourly employees. Ms. Willis also ignored Lasneski and wouldn't make eye contact with him at his own store. Ms. Willis, instead, started circumventing Lasneski by going directly to Ms. Beck. Soon Lasneski's staff started following Ms. Willis' lead, and reported to Ms. Beck rather than Lasneski. Ultimately, Lasneski was just a pawn, used until Ms. Beck could pass the Store Manager test.

31. Dollar General willfully and intentionally classified Lasneski as "manager" without assigning Lasneski with any real "manager duties." Dollar General intentionally misclassified Lasneski to keep from paying Lasneski overtime wages as required by the FLSA.

32. On or about January13, 2011, Lasneski was terminated because of his sex, age and in retaliation for reporting sexual harassment.

33. On or about March 23, 2011, Lasneski filed a charge of discrimination (Charge Number 846-2011-28032) concurrently with the Texas Workforce Commission and EEOC against Dollar General.

34. Lasneski was harassed to the point that he was subjected to a hostile work environment.

35. Lasneski was qualified for the position of Store Manager. At all relevant times, Lasneski continued to be qualified to fulfill the requirements of the position, and desired to retain the position.

36. On information and belief, Lasneski asserts that the Defendants acted with malice and in reckless disregard of Lasneski's rights and welfare.

## E. CAUSES OF ACTION

37.   Lasneski incorporates the preceding and proceeding paragraphs into this paragraph by reference. The above described facts constitute retaliation and discrimination in violation of the Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq.*, Sec. 21.055 (Retaliation), Sec. 21.106 (Sex Discrimination), Sec, 21.101 (Age Discrimination), Sec. 21.122, Sec. 21.125 and Sec. 21.128. The stated reason for Lasneski's termination from the Defendant was false, and was mere pretext for unlawful retaliation and discriminatory treatment, in violation of the Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq.*, Sec. 21.055 (Retaliation), Sec. 21.106 (Sex Discrimination), Sec, 21.101 (Age Discrimination), Sec. 21.122, Sec. 21.125 and Sec. 21.128.

38.   Lasneski incorporates the preceding and proceeding paragraphs into this paragraph by reference. Lasneski was subjected to a hostile work environment based on Lasneski's sex, age and retaliation in violation of the Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq.*, Sec. 21.055 (Retaliation), Sec. 21.106 (Sex Discrimination), Sec, 21.101 (Age Discrimination), Sec. 21.122, Sec. 21.125 and Sec. 21.128.

39.   Lasneski incorporates the preceding and proceeding paragraphs into this paragraph by reference. Defendant's conduct in harassing and discharging Lasneski violates the Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq.*, Sec. 21.055 (Retaliation), Sec. 21.106 (Sex Discrimination), Sec, 21.101 (Age

Discrimination), Sec. 21.122, Sec. 21.125 and Sec. 21.128. Lasneski is suffering and will continue to suffer irreparable injury as a result of the acts of Defendant.

40.  Lasneski incorporates the preceding and proceeding paragraphs into this paragraph by reference. Dollar General willfully and intentionally classified Lasneski as "manager" without assigning Lasneski with any real manager duties. Dollar General intentionally misclassified Lasneski to keep from paying Lasneski overtime wages as required by the FLSA.

### F. REQUEST FOR JURY TRIAL

41.  Lasneski hereby requests a jury trial.

### G.  DAMAGES

42.  Lasneski seeks liquidated damages under the FLSA and the damages, which are un-liquidated for Lasneski's other claims of discrimination and retaliation, are within the jurisdictional limits of this Court.

43.  Lasneski incorporates the preceding and proceeding paragraphs into this paragraph by reference. The conduct described above proximately caused actual and compensatory damage to Lasneski, including but not limited to lost wages, benefits, humiliation and emotional distress, physical pain and suffering, medical services and medications in the past and in the future, damage to his personal reputation, damage to his professional reputation, damage to his earning capacity, and damage to his enjoyment of life.

44.  Lasneski is entitled to cover reasonable attorney fees pursuant to Texas Labor Code,

12

Sections 21.258, Sec. 21.2585 and Sec. 21.259,  EAJA 28 U.S.C. § 2412(b), The Fair

Labor Standards Act. (FLSA), 29 U.S.C. § 201 *et seq*.

## H. PRAYER FOR RELIEF

45.   WHEREFORE, Lasneski requests that this Honorable Court advance this case on the

docket, order a jury trial at the earliest practical date, and grant the following relief

pursuant to all Texas and Federal law and statutes cited in the preceding and proceeding

paragraphs, including, but not limited to the following:

(a)   Grant Lasneski a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Lasneski's rights;

(b)   Award front pay;

(c)   Issue an order awarding Lasneski back pay, fringe benefits, and any other appropriate relief necessary to make Lasneski whole and compensate him for the civil rights violations described above;

(d)   Award Lasneski compensatory/mental anguish damages;

(e)   Award Lasneski exemplary damages;

(f)   Award Lasneski liquidated damages;

(g)   Award Lasneski prejudgment and post-judgment interest as allowed by law;

(h)   Award Lasneski attorney fees and costs of this suit;

(i)     Award Lasneski such other legal and equitable relief as this Court deems

just and proper;

(j)     Award Lasneski all damages requested in part G of this Original Petition;

(k)     Award Lasneski all other relief, in law and equity, to which Lasneski may

be entitled.

Respectfully submitted

By: _____
Ashok Bail
Texas Bar. No. 24043541
Attorney for Plaintiff
3120 Southwest Freeway, Suite 450
Houston, TX 7798
Tel. No.  (713)-255-1088
Fax. No. (832)-263-0616



CERTIFIED MAIL™

7002 2410 0000 6240 6523

KIM NAGYPAL
DISTRICT CLERK
TYLER COUNTY
100 W. BLUFF, 203 COURTHOUSE
WOODVILLE, TEXAS 75979-5220

22836

DOLGENCORP OF TEXAS (HEREAFTER DOLLAR GENERAL)
CORPORATION SERVICE COMPANY 2/3/b CSC LAWYERS INCO
211 E. 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701

FILED FOR RECORD

2013 APR -5  PM 2:33

KIM DACY, ...
..STRICT CLERK
TYLER COUNTY, TEXAS

BY:

COPY

**CAUSE NO. 22,836**

| | |
|---|---|
| DALE LASNESKI, | §    IN THE DISTRICT COURT |
|     **Plaintiff,** | § |
| | § |
| v. | § |
| | §    88TH JUDICIAL DISTRICT |
| DOLGENCORP OF TEXAS, | § |
| DOLGENCORP, INC., D/B/A DOLLAR | § |
| GENERAL STORE, | § |
| | § |
|     **Defendants.** | § |
| | §    TYLER COUNTY, TEXAS |

## DEFENDANT DOLGENCORP OF TEXAS, INC.'S ORIGINAL ANSWER

COMES NOW, Defendant Dolgencorp of Texas, Inc. ("Dollar General" or "Defendant")[1] and files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant denies each and every allegation, all and singular, in whole or in part, contained in Plaintiff's Original Petition and any amendments thereto and demands strict proof thereof by a preponderance of the evidence, or by clear and convincing evidence, as required by law.

### II.
### SPECIAL EXCEPTIONS

· Defendant specially excepts to Plaintiff's Original Petition, as it fails to state the maximum amount of damages sought. Defendant requests that the Court require the Plaintiff to state the maximum amount of damages sought, within the limitations imposed by law or, in the

---

[1] Effective October 9, 2008, Dolgencorp, Inc. was converted to a limited liability company and is now Dolgencorp, LLC. "Dolgencorp, Inc., d/b/a/ Dollar General" was incorrectly identified by Plaintiff. Dolgencorp, LLC does not operate any stores in Texas and is, therefore, not Plaintiff's former employer and is not the proper party Defendant. Moreover, Dolgencorp, LLC does not do business as Dollar General, instead, Dollar General is merely a trade name. Dolgencorp, LLC does not join this answer and it is disputed that this Court has jurisdiction over it.

DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION – PAGE 1

alternative, that Plaintiff's lawsuit be dismissed.

## III.
## REQUEST FOR RELIEF

Based upon the foregoing, Defendant prays that upon final hearing hereof, that the Court grant judgment on behalf of Defendant; that Plaintiff take nothing by the above-captioned action; that Defendant recover its costs of court; and, that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: April 4, 2013

MORGAN, LEWIS & BOCKIUS LLP

Joel S. Allen
Texas State Bar No. 00795069
Melissa M. Hensley
Texas State Bar No. 00792578
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street
Suite 3200
Dallas, TX  75201-7347
joel.allen@morganlewis.com
melissa.hensley@morganlewis.com
Telephone:  214.466.4000
Facsimile:  214.466.4001

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

On the 4th day of April, 2013, a true and correct copy of the above was sent, via Certified Mail, Return Receipt Requested, to the following:

Ashok Bail
3120 Southwest Freeway, Ste. 450
Houston, TX 77098

Melissa M. Hensley